UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,

v.

JOHN DOE subscriber assigned IP address
98.3.33.133,

        Defendant.
_____

**DECISION AND ORDER**

1:18-CV-01061 EAW

## **INTRODUCTION**

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") commenced this action on September 25, 2018, alleging that Defendant downloaded and distributed Plaintiff's motion pictures in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (Dkt. 1). Presently before the Court is Plaintiff's October 4, 2018, *ex parte* motion for leave to serve a third party subpoena prior to a Rule 26(f) conference. (Dkt. 4). Specifically, Plaintiff seeks to serve a subpoena pursuant to Fed. R. Civ. P. 45 on Defendant's internet service provider ("ISP"), Spectrum (Time Warner Cable) (hereinafter, "Spectrum"), so that Plaintiff may learn the name and address of Defendant in order to serve Defendant with Plaintiff's complaint. (Dkt. 5 at 4-5). For the following reasons, Plaintiff's motion is granted.

## DISCUSSION

### I. Third-Party Subpoena Prior to Rule 26(f) Conference

Federal Rule of Civil Procedure 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)...." Fed. R. Civ. P. 26(d)(1). However, discovery will be permitted in advance of a Rule 26(f) conference when it is "authorized . . . by court order." *Id.* "This is generally viewed as requiring a showing of good cause." *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 87 (E.D.N.Y. 2012).

Factors to consider in determining whether there is good cause for the disclosure of a defendant's information through an ISP include: "'(1) a concrete showing of a prima facie claim; (2) a specific discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) a minimal expectation of privacy by the defendant in the requested information.'" *Rotten Records, Inc. v. Doe*, 107 F. Supp. 3d 257, 258-59 (W.D.N.Y. 2015) (quoting *Catlin v. Global*, No. 14-CV-6324L, 2014 WL 3955220, at *2 (W.D.N.Y. Aug. 13, 2014)).

#### A. *Prima Facie* Claim of Copyright Infringement

Here, accepting the allegations in Plaintiff's complaint as true for the purposes of this motion, Plaintiff has made a showing of a *prima facie* claim of copyright infringement. "A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004).

Plaintiff has alleged ownership of motion pictures (the "Works") and that the Works have "either been registered with the United States Copyright Office or have pending copyright registrations." (Dkt. 1 at ¶¶ 31, 35). Plaintiff has also alleged that Defendant "copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol" and that "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." (*Id.* at ¶¶ 36-37). According to Plaintiff, its investigator, IPP International U.G. ("IPP"), "established direct TCP/IP connections with the Defendant's IP address . . . while Defendant was using the BitTorrent file distribution network," and "[w]hile Defendant was infringing, IPP downloaded from Defendant one or more pieces of the digital media files containing [the Works]. . . ." (*Id.* at ¶¶ 24-25). Plaintiff alleges that "[a] full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched the file hash downloaded by Defendant." (*Id.* at ¶ 26). Plaintiff further alleges that Defendant's infringement is "continuous and ongoing." (*Id.* at ¶ 30).

Plaintiff's allegations are sufficient at this juncture to establish a *prima facie* case of copyright infringement against Defendant. *See Malibu Media, LLC v. Doe*, No. 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016) (finding *prima facie* case where plaintiff alleged that it was registered owner of the copyrights and that defendant downloaded, copied and distributed complete copies).

### B. Specific Discovery Request

Plaintiff has also met the specificity requirement, insofar as Plaintiff seeks the name and address of the individual assigned IP address 98.3.33.133 for the limited purpose of enabling Plaintiff to identify and serve process on Defendant. (Dkt. 5 at 10).

### C. Absence of Alternative Means and Need for Subpoenaed Information

BitTorrent's appeal to users is "the large degree of anonymity it provides." *UN4 Prods., Inc. v. Doe-173.68.177.95*, No. 17CV3278PKCSMG, 2017 WL 2589328, at *3 (E.D.N.Y. June 14, 2017). "Absent a Court-ordered subpoena, many of the ISPs, who qualify as 'cable operators' for purposes of 47 U.S.C. § 522(5), are effectively prohibited by 47 U.S.C. § 551(c) from disclosing the identities of [the defendants] to Plaintiff." *Digital Sin, Inc. v. Does 1-179*, No. 11 Civ. 8172(PAE), 2012 WL 8282825, at *3 (S.D.N.Y. Feb. 1, 2012). "Thus, without granting Plaintiff's request, [Defendant] cannot be identified or served and the litigation cannot proceed. Additionally, expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions by the ISPs." *Id.* (finding good cause to issue a Rule 45 subpoena on this basis). Accordingly, Plaintiff has satisfied the third and fourth factors of the analysis.

### D. Expectation of Privacy

Finally, Plaintiff's interest in learning Defendant's name and address outweighs Defendant's privacy interest. *See Arista Records LLC v. Doe*, 604 F.3d 110, 124 (2d Cir. 2010) ("[W]e regard Doe 3's expectation of privacy for sharing copyrighted music through an online file-sharing network as simply insufficient to permit him to avoid having to defend against a claim of copyright infringement.").

In sum, good cause exists for immediate discovery in this case by way of a third-party subpoena served on Spectrum to enable Plaintiff to ascertain the name and address of Defendant to effectuate service upon Defendant.

## II. Protective Order

Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Plaintiff states that it does not oppose such procedural safeguards in this case, including allowing Defendant to proceed anonymously. (Dkt. 5 at 12-13).

In similar cases, courts have issued protective orders due to the possibility that "many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals" who downloaded and distributed the content in question. *Digital Sin*, 279 F.R.D. at 242; *see also Strike 3 Holdings, LLC v. Doe*, No. 1:18-CV-02651-AJN, 2018 WL 2229124, at *3 (S.D.N.Y. Apr. 25, 2018) (issuing a protective order for same reasons). "This risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated" with the allegations in this type of case. *Digital Sin*, 279 F.R.D. at 242 (internal quotation marks omitted).

Accordingly, on at least a temporary basis and until such time that Defendant and any other interested party has an opportunity to be heard, the Court will issue a protective order to the extent that any information regarding Defendant released to Plaintiff by Spectrum shall be treated as confidential until further order of the Court. The protective

order, published below, in sum and substance protects against the public disclosure of Defendant's name until further order of the Court.

## **CONCLUSION**

IT IS HEREBY ORDERED that:

1. Plaintiff may serve Spectrum with a Rule 45 subpoena commanding Spectrum to provide Plaintiff with the true name and address of Defendant assigned IP address 98.3.33.133. Plaintiff is expressly not permitted to subpoena Spectrum for Defendant's email addresses or telephone numbers. The subpoena shall have a copy of this Order attached.

2. Plaintiff may also serve a Rule 45 Subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to Defendant.

3. If Spectrum or any other recipient of a subpoena qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[,]

then it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[,]

by sending a copy of this Order to Defendant.

4.     Spectrum shall not assess any charge in advance of providing the information requested in the subpoena. If Spectrum elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

5.     Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used solely by Plaintiff for the purpose of protecting its rights as set forth in its complaint, shall be kept confidential and not publicly filed, and the Court authorizes Plaintiff to use initials of Defendant's first and last name in any public filing, until further order of the Court.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 26, 2018
       Rochester, New York